**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, as subrogee of Canon U.S.A., Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16 C 355 |
| B&H FREIGHT, INC., et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Because this Court's April 8, 2016 memorandum opinion and order (the "Opinion") rejected the motion of B&H Freight, Inc. ("B&H Freight") to dismiss Count II of the Complaint brought against B&H Freight and other defendants by subrogee Sompo Japan Insurance Company of America ("Sompo Japan"), Count II required the filing of an answer by B&H Freight. That has just been done by its counsel in Dkt. No. 68, but that effort appears to reflect counsel's failure to understand the basic thrust of the Opinion as encapsulated at the beginning of its Conclusion:

> Because brokers are not liable under the Carmack Amendment, it does not preempt a claim for failing to perform whatever duties they might have under state law.

That criticism of counsel's lack of understanding stems in major part from their inclusion of this first affirmative defense ("AD 1") that follows the Answer itself:

> Plaintiffs' Claims are barred as to BHF because the Carmack Amendment does not provide for liability against brokers of freight.

That bizarre attack displays a total lack of recognition of the part that 28 U.S.C. § 1367(a) plays in allowing claims that are not rooted in federal subject matter jurisdiction to be coupled with other claims that are when they are part of the same Article III case or controversy. Accordingly AD 1 is stricken with prejudice.

As for ADs 2 and 3, which assert that Complaint Count II is barred on other grounds that require factual inquiry, they really call for threshold treatment before the parties turn to the substantive viability of the Count II claim. B&H Freight has provided no information to support either (1) the contention that B&H Freight did not receive timely notice of the claim (AD 2) or (2) the asserted noncompliance "with all conditions preceding to filing suit against BHF [B&H Freight]" (AD 3). Accordingly counsel for B&H Freight are ordered to tee up those matters for consideration by a promptly filed and supported motion, failing which those ADs will be deemed waived.

As for the Answer itself, the style that it displays is problematic in a number of respects. Just to pick an example, just what does counsel think is accomplished by stating and repeating that "BHF refers all questions of law to the Court for determination"?[1] But this memorandum order will not undertake an exhaustive treatment of the Answer, leaving any such concerns to be raised by plaintiff Sompo Japan.

                                                */s/ Milton I. Shadur*
_____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: June 10, 2016

---

[1] See Answer ¶¶ 21, 22, 23 and 26.