IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SOMPO JAPAN INSURANCE COMPANY )
OF AMERICA, as subrogee of Canon U.S.A., )
Inc., )
 )
                Plaintiff, )
 )
    v. )    Case No. 16 C 355
 )
B&H FREIGHT, INC., et al., )
 )
              Defendants. )

## MEMORANDUM ORDER

At the conclusion of yesterday's status hearing in this action, counsel for B&H Freight, Inc. and B&H Systems, Inc. (collectively "B&H Defendants") stated that this Court owed the parties a ruling as to whether the attorney's fees incurred by plaintiff Sompo Japan Insurance Company of America ("Sompo") in connection with its earlier Motion To Compel Discovery (the "Motion," Dkt. No. 77) should be reimbursed by B&H Defendants. That question caught this Court by surprise because none of the recent printouts that it periodically requests from the Clerk's Office as to all motions pending in the couple of hundred cases on this Court's calendar (those printouts are captioned "Motions Reports") listed that or any other contested motion in this case.[1]

---

[1] This Court regularly orders updated printouts, normally at intervals in the ten day to two week range (the most recent Motions Reports were dated January 13 and 26). No pending motion in this case was reported in the earlier of those two, and the only motion that was included in the most recent report was an agreed motion by B&H Freight, Inc. for a protective order -- a motion that was filed on January 25 and was granted promptly thereafter.

This Court owes counsel an apology for whatever glitch in the Clerk's Office's procedures created the error that led to an oversight on this Court's part -- though as might be guessed, this is not the first occasion on which this Court's plans and expectations have been impacted by some such procedural error over which it has no control. But this Court has now gone back to retrieve the relevant filings, and this memorandum order will deal with the open matter.

Each of the B&H Defendants has filed a response to this Court's December 27, 2016 minute entry ordering both to show cause in opposition to the shifting of Sompo's attorney's fees and expenses referred to at the outset of this memorandum order (those responsive filings are Dkt. Nos. 83 and 85). In turn Sompo filed its response, labeled "Plaintiff's Reply To B&H Defendants' Responses To Order To Show Cause," to address B&H Defendants' submissions, which had respectively been captioned (misleadingly, as will be explained a bit later) "Defendant B&H Freight's Response To Show-Cause Order and Motion To Compel" and "Defendant B&H System's Response To Plaintiff's Motion To Compel and Rule 37 Show Cause Order." Unfortunately, Sompo's response (Dkt. No. 88), which was filed on January 26, had naturally not worked its way through the arcane recesses of the Clerk's Office's electronic programming on that date, which by sheer chance was the same day on which this Court requested its most recent Motions Report, so that nothing in the January 26 Motions Report contained any reference to the matter raised by defense counsel's in-court reminder yesterday.

But enough of that background explanation -- instead the purpose of this memorandum order is to dispatch the still-open question, and this Court now turns to that task. To that end the controlling rule is prescribed by Fed. R. Civ. P. ("Rule") 37(a)(5)(A) (emphasis added) as to non-complied-with motions to compel discovery responses:

> If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

As for the precondition that brings the Rule's "must" command into play, it is flat-out wrong for each of the B&H Defendants to have captioned its response to the December 27 show-cause order by including "Motion To Compel" in the caption and text of the responses, for this Court had already granted the motion to compel (Dkt. No. 81, a minute entry dated December 27, 2016, which memorialized this Court's oral ruling on that date). Hence the above-quoted Rule expressly requires B&H Defendants to make good on the fee-and-expense-shifting requirement. As Rickels v. City of South Bend, Ind., 33 F.3d 785, 786 (7th Cir. 1994) (quotation of the Rule omitted) has succinctly taught:

> Rule 37(a)(4)[2] presumptively requires every loser to make good the victor's costs. . . . "The great operative principle of Rule 37(a)(4) is that the loser pays." Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288 at 787 (1970).

And for its part, this Court has consistently held since its very earliest time on this District Court that the Rule's terms should be applied literally (see Aerwey Labs., Inc. v. Arco Polymers, Inc., 90 F.R.D. 563, 565 (N.D. Ill. 1981), decided shortly before the first anniversary of this Court's taking the bench).

With this Court's already having granted Sompo's motion to compel discovery by its December 27 oral ruling memorialized in the Dkt. No. 81 minute entry, Sompo's Dkt. No. 88

---

[2] [Footnote by this Court] That Rule has become Rule 37(a)(5)(B) in a recasting of Rule 37 -- but it establishes exactly the same requirement where a motion to compel discovery is denied, so that the operative standard mirrors the one quoted earlier in this opinion.

Reply correctly calls for rejection of the B&H Defendants' efforts to urge reconsideration of that ruling for a second time (in both the caption and the text of their respective responses). And B&H Defendants have also missed the mark in focusing on corporate veil piercing and alter ego arguments as the asserted predicate for the requested but not-complied-with discovery.

In sum, Sompo's Reply at pages 4 through 8 has effectively torpedoed the responses (or more accurately nonresponses) offered up by B&H Defendants in addressing the December 27 order to show cause. Hence each of the B&H Defendants is ordered to pay one-half of Sompo's attorney's fees and related expenses incurred in connection with its unsuccessful efforts to obtain compliance with its discovery requests. This Court hopes that the always regrettable enlargement of disputes between litigants in this area because of the fees-on-fees phenomenon[3] can be avoided, so that in the first instance it looks to the parties' counsel to reach a hoped-for agreement on quantifying the award ordered here.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 8, 2017

---

[3] In that respect this Court is always reminded of Jonathan Swift's doggerel lines in his On Poetry, A Rhapsody:

>So, naturalists observe, a flea
>Hath smaller fleas that on him prey;
>And these have smaller still to bite 'em;
>And so proceed ad infinitum.